

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL  DIVISION

| | |
|---|---|
| DARRELL WYKEL,<br>        Plaintiff, | §<br>§<br>§<br>§ |
| vs. | § CIVIL ACTION NO. 0:22-2685-MGL-PJG<br>§ |
| KILOLO KIJAKAZI, *Acting Commissioner of*<br>*the Social Security Administration*,<br>        Defendant. | §<br>§<br>§<br>§ |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND REVERSING AND REMANDING THE CASE
## FOR FURTHER ADMINISTRATIVE PROCEEDINGS

This is a Social Security appeal in which Plaintiff Darrell Wykel seeks judicial review of the final decision of Defendant Kilolo Kijakazi (Kijakazi) denying his claim for disability insurance benefits.  The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Kijakazi's decision be reversed and this action be remanded for further administrative proceedings in accordance with the Report.  The Magistrate Judge filed the Report in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 6, 2023, but Kijakazi failed to file any objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72  advisory committee's note).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court Kijakazi's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings in accordance with the Report.

**IT IS SO ORDERED**.

Signed this 24th day of October, 2023, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE